UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Charles Brown,** | ) | CASE NO. 1:21 CV 1629 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **Lorain County** | ) | AND ORDER |
| **Prosecutor's Office,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Charles Brown filed this action under 42 U.S.C. § 1983 against the Lorain County Prosecutor's Office, and individual prosecutors Dennis P. Will, Margarita Rivera, Sally Abel, Denise Rakich, Jennifer Temochko, and Patrick Hakos. The Complaint pertains to a state criminal case brought against the Plaintiff in the Lorain County Court of Common Pleas. *See State of Ohio v. Brown*, No. 16CR094735 (Lorain Cty Ct. Comm. Pl. indictment filed Sept. 9, 2016). Plaintiff asserts claims against the Defendants for abuse of process, malicious prosecution, and prosecutorial misconduct. He seeks monetary damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). That Motion is granted.

1

**BACKGROUND**

The Plaintiff was charged with and prosecuted in the Lorain County Court of Common Pleas for attempted sexual battery, attempted child endangering and domestic violence in connection with interactions he had with his daughter, D.B. (Doc. 1-4 at PageID #: 28). D.B. recorded conversations with Plaintiff in which he tried to convince her to engage in "sex lessons" with him. (Doc. 1-4 at PageID #: 27-28). D.B. turned these recordings over to police, resulting in Plaintiff's prosecution. After a jury trial, Plaintiff was convicted on the charges of attempted child endangering and attempted sexual battery. He was found not guilty on the domestic violence charge. The Ohio Court of Appeals, however, reversed his convictions, finding that the State had failed to present sufficient evidence that Plaintiff took any "substantial step" toward the commission of either attempted offense as required by Ohio law. *See State v. Brown*, No. 18 CA 11310, 2019-Ohio-2599, at ¶ 21 (Ohio App. June 28, 2019).

On March 9, 2020, Plaintiff filed a lawsuit in the Lorain County Court of Common Pleas against the Lorain County Prosecutor's Office, Will, Rivera, Abel, Rakich, Temochko, and Hakos, asserting claims under 42 U.S.C. § 1983 for abuse of process, malicious prosecution, and prosecutorial misconduct. The Defendants removed the case to this federal court on April 1, 2020 and filed a Motion to Dismiss. *See Brown v. Lorain Cty Prosecutor's Office*, No. 1:20 CV 691 (Aug. 4, 2020) (Barker, J.). On August 4, 2020, this Court granted the Motion to Dismiss with respect to the federal claims alleged in Plaintiff's Complaint. This Court declined supplemental jurisdiction over the state law claims and remanded them to state court. *Id.* (Doc. No. 18). The Defendants filed a Motion to Dismiss in state court on August 18, 2020. The state court granted that Motion on August 16, 2020, dismissing the state law claims with prejudice.

2


One year later, Plaintiff filed this action against the same Defendants, asserting the same claims based on the same facts. He initiated this case in federal court under 42 U.S.C. § 1983 claiming that the Defendants engaged in prosecutorial misconduct, malicious prosecution, and abuse of process in his criminal case, No. 16CR094735. (Doc. 1 at PageID #: 3). He alleges the Defendants acted outside their authority to pursue his criminal prosecution and lacked evidence that he committed a crime. He contends they targeted him to harass him and cause damage to his reputation. (Doc. 1 at PageID #: 3). He seeks $500,000.00 in damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id*. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case.

This is the second case that Plaintiff brought against these same Defendants based on the same facts and asserting the same claims. This Court already considered his federal claims on the merits and rendered judgment on them. The state court dismissed his state law claims on the merits as well. This Court must give full faith and credit to the state court judgment. Plaintiff is barred by the doctrine of *res judicata* from relitigating these claims and these issues.

4

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 7, 2021

    s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE